Eastern District of Kentucky
# FILED

APR 1 9 2016

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### FRANKFORT

**CRIMINAL ACTION NO.** _16-6-KKC_

**UNITED STATES OF AMERICA**          **PLAINTIFF**

**V.**          **PLEA AGREEMENT**

**TIMOTHY M. LONGMEYER**          **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole count of the Information, charging a violation of 18 U.S.C. § 666(a)(1)(B), bribery concerning a program that receives federal funds.

2. The essential elements of a violation of 18 U.S.C. § 666(a)(1)(B) are:

    (a)      The Defendant was an agent of a state government or any agency thereof;

    (b)      In a twelve-month period, the state government or agency for which the Defendant was an agent received federal benefits in excess of $10,000; and

    (c)      During the same twelve month period, the Defendant corruptly solicited or demanded for the benefit of any person, accepted, or agreed to accept anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000.00 or more.

3.  As to the sole count of the Information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a)  At most relevant times, the Defendant was the Secretary of the Kentucky Personnel Cabinet.  As Secretary, the Defendant was the Personnel Cabinet's chief executive and was an agent of the Commonwealth of Kentucky.  During the period between October 1, 2014 and September 30, 2015, the Commonwealth of Kentucky received well over $10,000.00 in federal funding.

(b)  As Secretary of the Kentucky Personnel Cabinet, the Defendant was responsible for administration and oversight of the Kentucky Employees' Health Plan (hereinafter, "KEHP").  Under the KEHP, the Commonwealth of Kentucky contracted with private health insurance companies, including Humana, Inc. (hereinafter, "Humana") and Anthem Blue Cross Blue Shield (hereinafter, "Anthem"), to provide health care coverage to Commonwealth employees and their dependents.

(c)  While Secretary of the Kentucky Personnel Cabinet, including the period between October 1, 2014 and September 30, 2015, the Defendant abused his official position and his authority over the KEHP to secure cash and other things of value through a kickback scheme.  The Defendant participated in this scheme with S.M., a private consultant who offered his services to perform focus groups and telephone surveys for Humana and Anthem.

(d)  As part of the offense, in Franklin County, in the Eastern District of Kentucky, the Defendant used his position to persuade Humana and Anthem to retain S.M. for focus groups and telephone surveys with KEHP participants.  For each project, S.M. then agreed upon a scope of work with Humana or Anthem and billed Humana or Anthem for the work described.  LONGMEYER then ensured that Humana and Anthem received compensation, from state funds, for their payments to S.M.

(e)  As part of the offense, the Defendant solicited, agreed to accept, and accepted kickbacks from S.M. in exchange for the Defendant's assistance in persuading Humana and Anthem to hire S.M.  The Defendant and S.M. agreed on a kickback amount for each payment that

S.M. received from Humana or Anthem.   The Defendant and S.M. contemplated that S.M. would convert the payments received from Humana and Anthem into cash.   In most circumstances, S.M. provided that cash directly to the Defendant.   In some circumstances, the Defendant directed S.M. to use the cash to fund illegal conduit contributions to certain political campaigns and to provide those contribution checks to the Defendant as part of the kickback.

(f)     As part of the offense, in or about November 2014, the Defendant solicited and agreed to accept approximately $90,000.00 derived from funds that S.M. received from Humana.   On or about November 13, 2014, S.M. received a payment from Humana in the amount of $118,800.00.   The Defendant then accepted the following things of value from S.M. on or about the following dates:

| Approximate Date | Amount | Form |
|---|---|---|
| 11/21/14 | $7,000.00 | Cash |
| 11/28/14 | $3,500.00 | Cash |
| 12/5/14 | $3,500.00 | Cash |
| 12/8/14 | $3,500.00 | Cash |
| 12/18/14 | $3,500.00 | Cash |
| 12/18/14 | $10,500.00 | Cash |
| 12/19/14 | $10,500.00 | Cash |
| 12/24/14 | $3,500.00 | Cash |
| 1/4/15 | $3,500.00 | Cash |
| 1/8/15 | $3,500.00 | Cash |
| 1/16/15 | $3,500.00 | Cash |
| 1/21/15 | $3,500.00 | Cash |
| 1/26/15 | $3,500.00 | Cash |
| 2/6/15 | $3,500.00 | Cash |
| 2/13/15 | $3,500.00 | Cash |
| 2/20/15 | $14,000.00 | Cash |
| 2/27/15 | $6,000.00 | Cash |
| TOTAL | $90,000.00 | |

(g)     As part of the offense, in or about December 2014, the Defendant solicited and agreed to accept approximately $100,000.00 derived from funds that S.M. received from Humana.   On or about December 23, 2014, S.M. received two payments from Humana, in the amounts of $158,400.00 and $59,400.00.   The Defendant then accepted the following things of value from S.M. on or about the following dates:

3

| Approximate Date | Amount | Form |
|:---:|:---:|:---:|
| 2/27/15 | $5,000.00 | Cash |
| 3/6/15 | $5,000.00 | Cash |
| 3/6/15 | $2,000.00 | Conduit Campaign Contribution |
| 3/12/15 | $5,000.00 | Cash |
| 3/12/15 | $1,000.00 | Conduit Campaign Contribution |
| 3/18/15 | $5,000.00 | Cash |
| 3/26/15 | $5,000.00 | Cash |
| 4/2/15 | $5,000.00 | Cash |
| 4/17/15 | $5,000.00 | Cash |
| 4/17/15 | $5,000.00 | Cash |
| 4/24/15 | $5,000.00 | Cash |
| 4/30/15 | $5,000.00 | Cash |
| 5/5/15 | $5,000.00 | Cash |
| 5/18/15 | $5,000.00 | Cash |
| 5/24/15 | $5,000.00 | Cash |
| 5/28/15 | $3,000.00 | Conduit Campaign Contribution |
| 5/28/15 | $5,000.00 | Cash |
| 6/8/15 | $5,000.00 | Cash |
| 6/12/15 | $5,000.00 | Cash |
| 6/19/15 | $5,000.00 | Cash |
| **TOTAL** | **$91,000.00** | |

(h)     As part of the offense, in or about September 2015, the Defendant solicited and agreed to accept approximately $22,500.00 derived from funds that S.M. received from Anthem. On or about September 29, 2015, S.M. received a payment from Anthem in the amount of $48,000.00. The Defendant then accepted the following things of value from S.M. on or about the following dates:

| Approximate Date | Amount | Form |
|:---:|:---:|:---:|
| 10/2/15 | $5,000.00 | Cash |
| 10/9/15 | $17,500.00 | Cash |
| **TOTAL** | **$22,500.00** | |

(i)     In all, during the relevant timeframe, the Defendant solicited and agreed to accept $212,500.00 from S.M. in exchange for the Defendant's assistance in securing work from Humana and Anthem. During the same timeframe, LONGMEYER accepted $197,500.00 in cash and $6,000.00 in conduit campaign contribution checks from S.M.

4

4. The statutory punishment for the sole count of the Information is imprisonment for not more than 10 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.), November 2015 manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all payments solicited or accepted from S.M. between October 1, 2014 and September 30, 2015, whether in the form of cash or conduit contribution checks.

(c) Pursuant to U.S.S.G. § 2C1.1(a), the base offense level is 14.

(d) Pursuant to U.S.S.G. § 2C1.1(b)(1), increase the offense level by 2 levels because the offense involved more than one bribe.

(e) Pursuant to U.S.S.G. §§ 2C1.1(b)(2) and 2B1.1(b)(1)(F), increase the offense level by 10 levels because the value of the payments solicited or accepted by the Defendant during the relevant timeframe was $212,500.00.

(f) Pursuant to U.S.S.G. § 2C1.1(b)(3), increase the offense level by 4 levels because the offense involved a public official in a high-level decision-making or sensitive position.

(g) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the

5

offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(h)   Pursuant to U.S.S.G. § 5E1.1, restitution is $203,500.00, and the victim is the Commonwealth of Kentucky.

6.  No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7.  The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8.  The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9.  The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

10.  The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place

6

within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit

7

reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

KERRY B. HARVEY
UNITED STATES ATTORNEY

Date: _4/19/16_     By: _____

Andrew T. Boone
Assistant United States Attorney

8

Date: _____4-15-16_____

Timothy M. Longmeyer
Defendant

Date: __4-15-16__

Brian Butler
Attorney for Defendant

**APPROVED**, this __19__ day of __April__, __2016__.

UNITED STATES DISTRICT JUDGE

9